# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VAN PATTERSON, SR., | ) | CASE NO.: 1:18-cv-1073 |
| Petitioner, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| KIMBERLY CLIPPER, Warden, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | |

Pending before this Court is the Magistrate Judge's Report and Recommendation ("R. & R.") that Petitioner Van Patterson, Sr.'s ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be denied. (R. & R. 1-2, ECF No. 9.) As written in the R. & R., and pursuant to 28 U.S.C. § 636(b)(1), Petitioner had fourteen days from receipt of the R. & R. to file objections to the findings and recommendations contained in the Report and Recommendation. (*Id.* at 28-29.) Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (Obj. to R. & R., ECF No. 10.) Petitioner's objection, however, is merely a statement regarding his pro se status, a general assertion of innocence, and the following: "My response to the brief submitted by the opposing counsel is this: The brief is frivolous and false." (*Id.*)

This Court, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), must engage in a de novo review of those portions of the R. & R. to which an objection is made. However, Fed. R. Civ. P. 72(b)(2) clarifies that the objections to the R. & R. must be specific in order to trigger the de novo review. In meeting this specificity requirement, "[t]he parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410

(5th Cir. 1982)). Specific objections, therefore, "direct[] the district judge's attention to specific issues decided by the magistrate contrary to [Petitioner's] position." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997).

A general objection to the entirety of the R. & R. does not satisfy the specificity requirement, and, in fact, has the same effect as a failure to object. *See Wurth v. Brown*, No. 92-1361, 1992 U.S. App. LEXIS 27817, at *3 (6th Cir. Oct. 21, 1992) ("A general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object") (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Because Petitioner in this matter merely provides a general statement couched as an objection – one in which he does not even mention the Magistrate Judge's Report and Recommendation and instead generally asserts that a brief is "frivolous and false" without supporting argument - Petitioner's objections do not meet the specificity requirement that triggers this Court's obligation to perform a de novo review of the Report and Recommendation. For these reasons, the Magistrate Judge's Report and Recommendation is ADOPTED in its entirety. Petitioner Van Patterson, Sr.'s Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is, therefore, DENIED.

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: February 21, 2020  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT